IN the MATTER OF the COMPLAINT AGAINST the
Hon. Alex J. RAINERI.

Supreme Court

*No. 80–1023–J. Filed June 15, 1981.*
(Also reported in 306 N.W.2d 699.)

PER CURIAM. *Judicial disciplinary proceeding; judge removed from office.*

On June 6, 1980, the Judicial Commission of Wisconsin filed a complaint with the court pursuant to sec. 757.-85, Stats., alleging that the Hon. Alex J. Raineri, circuit judge for Iron county, had engaged in misconduct by reason of his having acted as presiding judge in a traffic violation case in which the defendant was married to the sister of Judge Raineri's wife. The complaint alleged that after the defendant had entered a plea of guilty to a charge of operating a motor vehicle while intoxicated, Judge Raineri vacated the original sentence. The defendant then entered a plea of not guilty, and trial was held before Judge Raineri, who found the defendant guilty. The Judicial Commission claimed that by such conduct Judge Raineri violated SCR 60.03 (1980), which, in pertinent part, provides, "A judge shall not exercise his or her duties with respect to any matter in which a near relative by blood or marriage is a party, has an interest or appears as a counsel." On July 31, 1980, the Judicial Commission filed an amended complaint in the matter, adding a charge that Judge Raineri violated SCR

60.07 by dismissing a traffic citation pending against a Michigan state police officer in exchange for having a traffic citation pending against the judge in Michigan dismissed.

The Judicial Commission filed a petition with the original complaint requesting the court not to form a judicial conduct panel to hear the matter until after the completion of federal proceedings commenced under an indictment filed against Judge Raineri charging him with five felony counts and seeking an order prohibiting Judge Raineri from exercising the powers of a judge pending final determination of this proceeding. This court, by order dated June 6, 1980, held the matter in abeyance until after the completion of such federal proceedings or until further order of the court and, by order of the same date and pursuant to sec. 757.95, Stats., prohibited Judge Raineri from exercising the powers of a circuit court judge in Wisconsin pending final determination of the proceedings or further order of the court and ordered his judicial salary withheld until further order of the court. Judge Raineri filed a motion on the issue of whether he should continue to receive judicial compensation during the period for which he had been prohibited from exercising the powers of a circuit court judge, and, following a hearing held on August 11, 1980, the motion was denied.

On April 28, 1981, the Judicial Commission filed a petition with the court alleging that Judge Raineri had been convicted in United States District Court for the Western District of Wisconsin of the felony offenses of interstate transportation in aid of racketeering enterprises, false declarations before a grand jury, and threatening a grand jury witness. It was also alleged that on March 6, 1981, the federal district court ordered that Judge Raineri be fined $15,000 and committed to

imprisonment for three years for the offenses of which he was convicted, and a certified copy of the order of sentence was attached to the petition. The Judicial Commission requested that the court take judicial notice of the sentence and take appropriate action in the pending judicial disciplinary matter without creating a judicial conduct panel. The Judicial Commission indicated in the petition that it was prepared to submit a petition for the voluntary dismissal without prejudice of the judicial disciplinary proceeding pending prior to the conviction and sentence. Judge Raineri did not file a response to the petition.

In a proceeding unrelated to the judicial disciplinary proceeding, Judge Raineri filed with the Board of Attorneys Professional Responsibility on January 26, 1981, a petition for the revocation of his license to practice law in Wisconsin. The Board reviewed the petition and made its recommendation to the court that it be accepted, and the court, by order dated April 14, 1981, revoked Judge Raineri's license to practice law effective the date of the order.

We take judicial notice of the conviction and sentence of Judge Raineri in federal district court on the five felony counts. Standing alone, the conviction of a felony, which is included in the definition of misconduct in sec. 757.81(4), Stats., would warrant our determining appropriate discipline under sec. 757.91. We are, however, aware that the conviction rendered Judge Raineri ineligible to the office of circuit court judge in Wisconsin. Art. XIII, sec. 3, Wis. Const.[1] We are also aware that Judge Raineri's conviction of and sentence for a felony brought about a vacancy in the office he held as circuit

[1] Article XIII, section 3 of the Wisconsin Constitution provides:
"No member of congress, nor person holding any office of profit or trust under the United States (postmasters excepted) or under any foreign power; no person convicted of any infamous crime in

court judge. Sec. 17.03, Stats.[2] Lastly, we are aware that the revocation of Judge Raineri's license to practice law in Wisconsin on April 14, 1981 rendered him ineligible for the office of judge of any court of record. Art. VII, sec. 24(1), Wis. Const.[3]

Whatever may be the other consequences of Judge Raineri's conviction and sentence on the five felony counts in federal district court, his conduct underlying that conviction is now before us in a judicial disciplinary proceeding. Of the four types of judicial discipline made available to us by Article VII, section 11 of the Wisconsin constitution, namely, reprimand, censure, suspension and removal, we believe that Judge Raineri's misconduct merits the most severe. We therefore order that Alex J. Raineri be removed from the office of circuit court judge in Wisconsin for cause. We are aware that such removal will result in his ineligibility for reappointment to or temporary service in that office. Art. VII, sec. 11, Wis. Const.

---

any court within the United States; and no person being a defaulter to the United States or to this state, or to any county or town therein, or to any state or territory within the United States, shall be eligible to any office of trust, profit or honor in this state."

[2] Section 17.03, Stats., provides, in pertinent part:

"Any public office . . . shall become or be deemed vacant upon the happening of any of the following events:

". . .

"(5) His conviction by a state or United States court of and sentenced for treason, felony or other crime of whatsoever nature punishable by imprisonment in any jail or prison for one year or more . . . whether or not sentenced to imprisonment. . . ."

[3] Article VII, section 24(1) of the Wisconsin Constitution provides:

"To be eligible for the office of supreme court justice or judge of any court of record, a person must be an attorney licensed to practice law in this state and have been so licensed for 5 years immediately prior to election or appointment."

Because the misconduct represented by the felony conviction came before us as part of the disciplinary proceeding commenced by the filing of the complaint on June 6, 1980, and because our order herein disposes of that proceeding, it is unnecessary to dismiss the proceeding as requested by the Judicial Commission. Rather, for the reason that the charges of misconduct against Raineri contained in the original and amended complaints were not prosecuted, we dismiss them without prejudice.