# In re William C. Hill and State of Vermont v. Jane L. Wheel

[542 A.2d 274]

No. 88-014

Present: Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Keyser, J. (Ret.) and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed January 15, 1988

*Jeffrey L. Amestoy*, Attorney General, and *David E. Tartter*, Assistant Attorney General, Montpelier, Petitioner.

*Douglas Richards*, Springfield, and *William J. Donahue*, White River Junction, counsel to Judicial Conduct Board.

*Michael Marks* of *Lisman & Lisman*, Burlington, for respondent Hill.

*Edwin W. Free, Jr.*, of *Richard E. Davis Associates, Inc.*, Barre, for Wheel.

**Per Curiam.** The Attorney General, joined by Judge Jane Wheel and the special counsel for the Judicial Conduct Board, seek extraordinary relief in this Court to direct the Judicial Conduct Board to continue the hearing on the merits of the complaint against Justice William C. Hill, now scheduled for January 19, 1988, until after the conclusion of the trial in *State of Vermont v. Jane Wheel*, District Court of Vermont, Rutland Circuit, No. 1663-12-87RCr. That trial is scheduled to commence on January 25, 1988. The request for relief is vigorously contested by Justice Hill. The request was made to the Judicial Conduct Board although not with the breadth and depth presented here and was denied primarily because counsel for Justice Hill was not present when the presiding judge in the criminal case of *State* v. *Wheel*

and the parties asked the chairman of the panel presiding over this case for a continuance by telephone.

Unlike the most recent petition to this Court in this case, see *In re Hill*, 149 Vt. 86, 539 A.2d 992 (1987), we believe this petition is properly before us. The request has been presented to the Board and the primary rights asserted are of constitutional dimension and are held by the parties who have no other remedy. See V.R.A.P. 21(b). Accordingly, we find jurisdiction.

Our review of the proceedings discloses that District Judge Frank McCaffrey stated that the rights of Jane Wheel, as the defendant in the criminal case pending before him, would be impaired to the point that she probably would be denied a fair trial. Counsel for Judge Wheel indicates that his client is put in a very difficult position because she wants to testify fully and fairly in this case but can not do anything to impair her defense in the criminal trial. Special counsel indicates that the pendency of *State* v. *Wheel* will impair his ability to present a case because a number of witnesses will claim privileges as long as the trial is pending. This case has some of the aspects of *State* v. *Begins*, 147 Vt. 295, 514 A.2d 719 (1986), although it is different because the defendant in the criminal trial is a different person from the judge against whom the complaint has been made. Certainly, if the judge against whom the Judicial Conduct Board complaint was filed was also subject to a related criminal proceeding, the right course would be to delay the judicial conduct proceeding. See, e.g., *In re Raineri*, 102 Wis. 2d 418, 306 N.W.2d 699 (1981).

In view of the conclusions of Judge McCaffrey and the assertions of counsel for Jane Wheel, we find that this situation is close enough to *State* v. *Begins* to direct the Board to continue the final hearing in this case until after the conclusion of the trial in *State* v. *Wheel*. In doing this, we do not dispute the conclusion of the hearing panel that Justice Hill's interests have been treated cavalierly because he was not represented in the proceeding in the district court and will suffer great hardship in the continuance. We must hold, however, in a conflict between those interests and Judge Wheel's right to a fair trial, the latter must prevail. Because the primary moving party did not bring this forward with sufficient diligence to minimize the harm to Justice Hill, we authorize the Board to condition the continuance on terms under which the Attorney General must pay any additional

legal and other expenses incurred by Justice Hill as a result of this continuance.

*The petition for extraordinary relief is granted. The Judicial Conduct Board shall continue the hearing in this case consistent with this order.*