**In re Desautels Real Estate, Inc., d/b/a Desautels, David A. Desautels, Nikki N. Moses, Craig H. Atwood and Mary Jo Mahoney**

[457 A.2d 1361]

No. 429-81

Present: Barney, C.J., Billings and Underwood, JJ., and Daley and Larrow, JJ. (Ret.), Specially Assigned

Opinion Filed December 8, 1982

Motion for Reargument Denied February 8, 1983

328

*J. M. Farrell Associates,* Burlington, for Plaintiffs-Appellants.

*John J. Easton, Jr.,* Attorney General, *Samuel E. Johnson,* Assistant Attorney General, and *Marilyn Skoglund,* Special Assistant Attorney General (On the Brief), Montpelier, for Defendant-Appellee.

**Underwood, J.** The Vermont Real Estate Commission (Commission) ordered the licenses of the appellants suspended for periods varying from 30 days up to 9 months, based upon its findings that their acts and conduct demonstrated bad faith and untrustworthiness as real estate brokers and real estate salespersons within the meaning of 26 V.S.A. § 2296(a)(3) and (8). The appellants appeal from this order pursuant to 26 V.S.A. § 2296(d) and 3 V.S.A. § 815, claiming that the Commission committed 12 claims of reversible error. We have condensed these to 6:

(1) Appellants' motions to dismiss the charges should have been granted, because the charges leveled against them by the Commission were unconstitutionally vague and failed to apprise them of the nature of the violation of law, or the violation of the Commission's regulation, with which they were charged.

(2) The members of the Commission should have disqualified themselves, since they initiated the complaints, prosecuted the complaints, and sat in judgment on the cases. Moreover, each member of the Commission was a practicing real estate broker.

(3) The Commission erred by giving no notice by mail to the appellants of any alleged facts or conduct which would warrant the action apparently intended by the Commission prior to the institution of these proceedings, and by providing no opportunity to the appellants to show compliance with all lawful requirements for the retention of their licenses as required by 3 V.S.A. § 814(c).

(4) The Commission did not abide by the rules of evidence followed in civil cases in Superior Court, as is required in administrative hearings by 3 V.S.A. § 810(1).

(5) Certain of the Commission's findings of fact are unsupported by the evidence.

(6) The discipline meted out by the Commission was unwarranted by the facts or the law.

A full knowledge of the factual background is essential. The Commission found that the owners of residential property at 48 Henry Street in Burlington, Vermont, had given a listing of their property to the appellant corporation, Desautels Real Estate, Inc., d/b/a Desautels (hereinafter the Corporation), on April 28, 1980. The listed price was $59,900 for the lot, residence, and two ranges and two refrigerators. Appellant corporation was a member of a multiple listing service, and advertised the property for sale in the multiple listing service book which is furnished to each member broker.

A member of the multiple listing service, but not associated in any way with the appellants, showed the property to prospective purchasers. After examining the property, his customers wanted to buy it but could not afford to purchase it unless their mortgage loan was approved by the Vermont Housing Finance Agency (hereinafter the Agency). The Agency makes funds available to participating banks who in turn grant low interest rate mortgage loans for the purchase of new and existing residences to persons falling below certain income limits. An additional eligibility requirement for such financing is that the purchase price of an existing house not exceed $50,000.

The Commission found that the agent who showed the property, as well as the prospective purchasers, the owners, and the appellants, all knew that the Agency would not extend

financing to a purchaser buying an existing residence if the price exceeded $50,000.

The prospective purchasers, through their agent, submitted an offer of $50,000 for the property, and on May 9, 1980, they tendered a proposed purchase and sale agreement to the owners and the appellant, Mary Jo Mahoney, their broker. The owners rejected the offer outright and refused to cut their listed price of $59,900. Subsequently, the prospective purchasers terminated their business relationship with their agent.

Five days later, on May 14, 1980, the prospective purchasers entered into a written purchase and sale agreement with the owners. The appellant, Craig H. Atwood, acted as the initiating broker for this sale. The agreement, drawn on the customary realtor's preprinted forms, stated that the purchase price for the land and improvements thereon was $50,000, payable as "Cash and a Vermont Finance Agency Mortgage." A handwritten addendum to the purchase and sale agreement bore a letterhead containing the words "Desautels Real Estate," and the printed addresses of the appellants' offices in Burlington, Essex Junction and Colchester appeared down the left hand margin. This addendum set forth: "Buyers to purchase personal property from sellers for a total of five thousand dollars cash. This sum to be paid to sellers on day of closing." It was signed by the buyers, one of the sellers, and Craig H. Atwood. The addendum did not contain any description or listing of items of personal property, nor were any dollar values set forth for any specific items of personal property.

No evidence was submitted to the Commission to corroborate an independent sale of $5,000 in personal property at the time of closing, and the Commission noted that the Vermont property transfer tax return, filed subsequent to the closing, did not divulge that any personal property was transferred between the parties. It also found that the closing papers prepared by the participating bank made no reference to a sale of any personal property and that there was no closing statement at all in the sellers' file.

On May 17, 1980, three days after the signing of the purchase and sale agreement and the addendum to that agreement, the Corporation notified the multiple listing service of

a change in price of the 48 Henry Street property from $59,900 to $53,000.

From these facts and the surrounding circumstances the Commission concluded that Mary Jo Mahoney and Craig H. Atwood put together a "side deal," or scam, designed to circumvent the Agency's $50,000 purchase price guidelines, and thereby to induce the Agency to extend financing to the purchasers so that the sale could take place. In this manner the owners would receive $55,000 for their residence, the purchasers would get the home they wanted along with a mortgage at a favorable rate of interest, and the Corporation would get its 6% commission. Because of such conduct, the Commission suspended the licenses of Mary Jo Mahoney and Craig H. Atwood for nine-month periods.

Appellant David A. Desautels was found to be vicariously liable for the conduct of Mary Jo Mahoney and Craig H. Atwood, because he was the principal broker for the Corporation. Appellant Nikki Moses was found to be directly liable because she was aware of the terms of the transaction and she was the office manager of the Burlington office of the Corporation. Consequently, the Commission ordered the suspension of the real estate broker's licenses of David A. Desautels and Nikki Moses for 30 days each, effective October 1, 1981.

All license suspensions were stayed pending the outcome of these appeals.

The Commission is empowered under this statute to suspend the license of any broker or salesperson for such period as it may consider proper if the licensee is found to have engaged in any act or conduct which contributes or demonstrates bad faith or untrustworthiness as a broker or salesperson. 26 V.S.A. § 2296.

We now consider the issues seriatim.

I.

Appellants contend that the facts alleged in the notice of hearing mailed to each of them, even if proved true, did not constitute a violation of law or of the Commission's regulations and therefore the complaint is unconstitutionally vague.

■ In *Vermont Real Estate Commission* v. *Martin*, 132 Vt. 309, 318 A.2d 670 (1974), we set forth what is necessary to inform a broker or salesperson of claimed violations of the law or of the Commission's rules:

> A complaint to be sufficient must fairly inform the defendant of the nature of the misconduct of which he is accused. . . . The notice must consist of a plain statement which will give the defendant due and proper notice of the basis of the charges against him.

*Id.* at 314, 318 A.2d at 674. In the instant case there is nothing vague or imprecise about the notices of hearing that each of the appellants received. After notifying them of the time, date and place of the hearing, the notice bore this explanation of the charges leveled:

> This hearing shall be held to consider the suspension or revocation of the Vermont Real Estate Broker's [Salesman's] License of [name of specific appellant] of Desautels Real Estate, Inc., d.b.a. Desautels, for alleged violations of Title 26, Chapter 41, Section 2296(a)(3), (4), (8) & (9).

Verbatim quotes of each of these statutory violations, as well as that portion of the statute granting the Commission the power to suspend or revoke such licenses, were recited along with a narrative report of the alleged facts upon which the Commission was basing its complaint.

■ We hold that the Commission was correct in denying the appellants' motions to dismiss the charges.

## II.

The appellants argue that the individual members of the Commission should have disqualified themselves because of an impermissible conflict of interest. They point to the fact that each member of the Commission is a real estate broker, ostensibly in competition with the appellants, and yet they proceeded to play the role of investigators, prosecutors and judges, thereby denying the appellants a fair and impartial hearing. To bolster their argument, the appellants call our attention to the fact that it was the Commission itself which

initiated the complaints against them, and not some disgruntled third party.

First of all, it must be noted that 26 V.S.A. § 2251 mandates that all members of the Commission be licensed Vermont real estate brokers. We see this as but another example of peer review, condoned by the legislature as a means for a profession to police its own. It can hardly be said to be novel. Similar commissions have been established for doctors, 26 V.S.A. § 1351, for engineers, 26 V.S.A. § 1092, and for surveyors, 26 V.S.A. § 2541, to mention but a few. Furthermore, the mere fact that all members of this Commission participated in the investigation of the appellants does not disqualify them from adjudicating the outcome of that investigation. *Withrow* v. *Larkin*, 421 U.S. 35 (1975); *State Department of Taxes* v. *Tri-State Industrial Laundries, Inc.*, 138 Vt. 292, 296, 415 A.2d 216, 219 (1980).

Finally, the appellants have failed to point to any specific incident of bias, prejudice or unfairness in the hearing process due to the composition of the members of the Commission.

■ There being no denial of the appellants' due process rights, we hold that the Commission correctly denied their motion for disqualification.

### III.

3 V.S.A. § 814(c) provides:

> No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct which warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license.

■■ The appellants contend that this statutory provision requires that the licensee is entitled to two hearings, an informal one for the purpose of explaining the charges without the threat of a final decision, and a formal hearing where the issues are finally determined. The intent of this statute is to give a licensee a hearing, where he can demonstrate that at the time of the alleged violation he was in full "compliance

with all lawful requirements." The appellants here were provided with such a hearing. They were entitled to no other hearing under the statute. See *Schwebel* v. *Orrick*, 153 F. Supp. 701 (D.D.C. 1957); *Hinson* v. *Georgia State Board of Dental Examiners*, 135 Ga. App. 488, 489, 218 S.E.2d 162, 163 (1975).

### IV.

The appellants argue that the Commission was remiss when it neglected to apply the same rules of evidence during the administrative hearing as would be followed in a civil case. They cite 3 V.S.A. § 810(1) in support of their position.

■ Generally the rules of evidence are relaxed in administrative proceedings, because of an administrative law policy to receive all evidence which may be material or relevant. See 2 Am. Jur. 2d *Administrative Law* § 378; 73 C.J.S. *Public Administrative Bodies and Procedure* § 122. This Court has not had an occasion to rule on this issue, but our Administrative Procedure Act seems to bear out the administrative law policy which is applied generally in the United States.

■ In contested cases:

(1) Irrelevant, immaterial, or unduly repetitious evidence shall be excluded. The rules of evidence as applied in civil cases in the [superior] courts of this state shall be followed. *When necessary to ascertain facts not reasonably susceptible of proof under those rules, evidence not admissible thereunder may be admitted (except where precluded by statute) if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs* .... (Emphasis supplied.)

3 V.S.A. § 810(1). In the instant case the record discloses that the appellants were given a full and fair hearing. The evidence admitted was not irrelevant or immaterial to the charges alleged, and was admissible under 3 V.S.A. § 810(1).

■ Notwithstanding the liberal contours of 3 V.S.A. § 810(1), the appellants raise an ingenious argument. They claim that because they admitted that the real estate transaction in question involved a purchase price of $50,000 for the real property, and $5,000 for the personal property, no

further evidence was relevant or material and should therefore not have been received at the hearing. However, by isolating a few sentences from the notice of hearing, admitting that those statements are true, and then claiming that the matter should be closed, the appellants ignore the bulk of the noticed allegations. Therefore, we hold that the Commission was correct in recognizing that in spite of appellants so-called "admission" there were still justiciable issues of fact to be resolved.

## V.

The appellants claim there was no evidence adduced at the hearing to support the Commission's finding that "David A. Desautels has vicarious liability for the conduct of his people in his employment because he was the principal broker of Desautels Real Estate, Inc. d.b.a. Desautels."

It is by now hornbook law in Vermont that an administrative body's ruling is entitled to a strong presumption of validity. *Ellis* v. *Department of Employment Security,* 133 Vt. 533, 536, 346 A.2d 221, 223 (1975); *In re Devoid,* 130 Vt. 141, 148, 287 A.2d 573 (1972). We will not disturb their findings if there is any evidence in the record to support them. *In re McGrath,* 138 Vt. 77, 82, 411 A.2d 1362, 1365 (1980); *Economou* v. *Economou,* 136 Vt. 611, 617, 399 A.2d 496, 499 (1979). We have consistently stated that, absent compelling indications of error, interpretations of statutory provisions by the administrative body responsible for their execution will be sustained on appeal. *Red Lion Broadcasting Co.* v. *Federal Communications Commission,* 395 U.S. 367, 381 (1969); *Committee to Save the Bishop's House, Inc.* v. *Medical Center Hospital of Vermont, Inc.,* 137 Vt. 142, 150–51, 400 A.2d 1015, 1019 (1979).

Under our law regulating the conduct of real estate brokers and real estate salespersons, a corporation making an application for a real estate license must designate the individual who is to serve as a broker under that license. 26 V.S.A. § 2291. The license, when granted by the Commission, gives authority only to that named licensee "to sell, offer for sale, exchange, rent or offer to rent, or negotiate the sale or exchange of real estate for compensation." *Id.* Thereafter, from the point of

view of professional responsibility, it is immaterial whether a wrongful act is done by the named licensee or by one of the employees of the corporation. Cf. *State* v. *Gilmore*, 80 Vt. 514, 521, 68 A. 658 (1908) (licensee assumes all risks of his employees violating the conditions of his license).

Since the Commission elected to take no disciplinary action against the appellant Corporation, but did find that the Corporation was acting through its agent David A. Desautels, it must be inferred that he was the person named in the Corporation's application for a real estate broker's license to serve as its principal broker.

■ It seems clear from the language of 26 V.S.A. § 2211, in which the terms real estate broker and real estate salesperson are defined, that the named licensee as principal broker for a corporation is really the alter ego of that corporation. As such, he or she is held vicariously liable for any violations of 26 V.S.A. ch. 41, or of the rules of the Commission, by any of the other brokers or salespersons working for the same corporation. The law of vicarious liability has long been recognized in Vermont as but an outgrowth of the maxim respondeat superior. *Parris* v. *St. Johnsbury Trucking Co.*, 395 F.2d 543, 544 (2d Cir. 1968). Vicarious responsibility has been defined as an indirect legal responsibility, as for example, the liability of an employer for the acts of an employee, or a principal for the torts and contracts of his agent. See Black's Law Dictionary 1404 (rev. 5th ed. 1979).

Whether the relationship between David A. Desautels and Nikki Moses is labeled that of master and servant or principal and agent, David A. Desautels can be held vicariously liable for her conduct as a real estate broker for the corporation.

■ A real estate salesperson can only be licensed when he or she is employed by some licensed real estate broker. 26 V.S.A. § 2211. Moreover, his or her license terminates when this employment relationship ceases. 26 V.S.A. § 2292(b). Therefore, it is axiomatic that the legislature intended to impose a relationship of vicarious liability upon the employers of these salespersons for any violation of the prescribed conduct set forth in 26 V.S.A. ch. 41 or in the regulations of the Commission. Thus, the Commission was acting

within its statutory authority when it imposed vicarious liability upon David A. Desautels for the acts of malfeasance or misfeasance on the part of the broker, Nikki Moses, as well as on the part of the salespersons, Craig H. Atwood and Mary Jo Mahoney. The Commission also had the power to hold each of these licensees personally liable for their own acts or omissions. 26 V.S.A. § 2296.

Appellants further argue that there was no evidence introduced to support the Commission's finding that "Nikki Moses was the office manager for the Burlington office and was aware of the terms of the transaction." Therefore, appellants contend the Commission had no grounds to take disciplinary action against her.

The Commission found her directly liable. Although Nikki Moses did not testify, there was evidence before the Commission upon which it could base its finding of her knowledge of the transaction. The following dialogue between the first broker to show the property, and the attorney conducting the direct examination for the State, contradicts the appellants' argument:

Attorney: Did you have any conversation with anyone at Desautels Real Estate with respect to that?

Broker: I talked with Nikki Moses about it.

Attorney: When did you speak with Nikki Moses?

Broker: Oh, several days, I think after the notice came out.

Attorney: Would you relate that conversation to the commission?

Broker: She said that I had not been able to . . .

Attorney: Would you speak up, please?

Broker: She said that I had not been able to put the deal together, so the Desautels Agency took over and did it themselves.

Attorney: During the course of that conversation with her, did you ever have occasion to discuss how the financing was arranged?

Broker: I asked the method of finance. If it went through Vermont Home. She said that it did.

 As office manager of the Burlington office, the office from which the transaction was initiated by two of its salespersons, Craig H. Atwood and Mary Jo Mahoney, Nikki Moses knew or should have known what was taking place. The Commission found she was aware of this particular transaction and therefore directly accountable for her own actions under the circumstances. We will not disturb that finding.

## VI.

Finally, the appellants contend that the discipline meted out by the Commission by way of suspension of their licenses was unwarranted by the facts or the law.

 By statute the Commission is empowered to revoke or suspend the license of any real estate broker or salesperson, for such period of time as it may consider proper, if the licensee (1) demonstrates untrustworthiness to act as a real estate broker or salesperson, 26 V.S.A. § 2296(a)(3), or (2) if the licensee is found by the Commission to have engaged in any act or conduct which demonstrates bad faith or untrustworthiness. 26 V.S.A. § 2296(a)(8). On the basis of the record, the Commission concluded that the acts of each of the appellants demonstrated bad faith and untrustworthiness as real estate brokers and salespersons within the meaning of 26 V.S.A. § 2296(a)(3) and (8). The Commission's conclusions are properly supported "by a concise and explicit statement of the underlying facts." *Vermont Real Estate Commission* v. *Martin, supra,* 132 Vt. at 312, 318 A.2d at 673. Therefore, the suspensions imposed as to each appellant should be affirmed.

*The decision of the Commission is affirmed; the case is remanded to the Commission for the sole purpose of revising the beginning and ending dates for the respective suspensions of licenses.*