### Richard Rousse v. Town of Isle La Motte

[479 A.2d 132]

No. 82-459

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed May 25, 1984

*Daniel J. Lynch* of *John Kissane Associates*, St. Albans, for Defendant-Appellant.

**Underwood, J.** The defendant, Town of Isle La Motte (Town), appeals a decision of the Vermont State Board of Appraisers (Board) in which the Board ruled that plaintiff's trailer is a "travel trailer," within the context of 32 V.S.A. § 3692, and therefore exempt from taxation by the Town in 1982. The relevant part of § 3692 requires that a travel trailer be "registered yearly for use on the highways and designed and used for recreational purposes . . . ."

■ Although the Board found that the plaintiff's trailer and plaintiff's use of his trailer met all the prerequisites to qualify as a travel trailer and therefore could not be taxed as personal property by the Town, we have no means from the existing record of testing the reliability of the Board's findings. This is particularly disturbing in view of our case law which has repeatedly stated that the findings of an administrative board are binding upon our Court if legally supported by the

evidence, and that we will not disturb such findings if there is any evidence in the record to support them. *In re Desautels Real Estate, Inc.*, 142 Vt. 326, 336, 457 A.2d 1361, 1366 (1982).

The Board made specific findings on the crucial statutory prerequisites for tax exemption of plaintiff's trailer. On the issue of "registered yearly for use on the highway," the Board found:

> The appellant's trailer is registered in the Province of Ontario, Canada, by a document labelled "Trailer Permit" which specifies a plate # 37914E, and which is dated March 19, 1981. It is stated on the document, "This Permit Does Not Expire."

A careful review of the transcript fails to show the source for this finding. If the Board obtained this information from an exhibit admitted into evidence, a review of the transcript makes no reference to the admission of any exhibits and there are no exhibits included with the file. On this point alone, the record on appeal is incomplete. See V.R.A.P. 10(a).

On the issue of "designed and used for recreational purpose," the Board found:

> The property under appeal in this case meets all the requirements necessary to be classified as a travel trailer.

A review of the record for evidence to substantiate this finding is necessary because, at the conclusion of the hearing on plaintiff's appeal, the Board took evidence in two other appeals, and by agreement of the parties used the evidence indiscriminately to support its findings in each of the three appeals. The Board's findings make reference to this unusual procedure:

> At the conclusion of the Rousse hearing, certain statements were made and evidence presented which applied equally to all three cases. It was agreed by all parties concerned that what transpired at this point would be included as a part of the body of evidence of each case.

We cannot take judicial notice of evidence in other appeals before the Board, unless those cases are also on appeal here. In light of the manner in which the Board permitted the

evidence to be admitted, it is impossible for this Court, in reviewing the transcript of plaintiff's case, to tell which person, other than Mr. Rousse, is the appellant and whose witness is whose. Two pages of the transcript are designated by the reporter as remarks attributed to the Chairman of the Board, but a close reading of these two pages assures us that at some point the chairman's remarks terminated and the testimony of Mr. Rousse commenced.

In other parts of the transcript, portions of testimony are not transcribed at all, leaving incomplete sentences to the conjecture of the Court. Elsewhere questions are asked by named individuals and answered by a person or persons unnamed.

By analogy, application of our holding in *State* v. *Harvey*, 135 Vt. 549, 550, 382 A.2d 210, 210 (1977), seems most appropriate to the situation at hand:

> The findings upon remand that have been reported to this Court reveal a record that is so fraught with error that a just review of the questions raised on appeal is impossible. Since any attempt to review the [proceedings below] might well result in a gross miscarriage of justice, a new trial will be granted.

*Reversed and remanded.*