## In re Hot Spot, Inc. d/b/a Vinny's Hot Spot

[546 A.2d 799]

No. 86-426

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed April 22, 1988

*John T. Bergeron*, Burlington, for Plaintiff-Appellant.

*Jeffrey L. Amestoy*, Attorney General, *Robert W. Gagnon*, Assistant Attorney General, and *William F. Ellis*, Law Clerk (On the Brief), Montpelier, for Defendant-Appellee.

**Allen, C.J.** This is an appeal from a Liquor Control Board (Board) decision to suspend the liquor license of Vinny's Hot Spot (licensee) for thirty days for two violations of the Board's General Regulation 19. Licensee argues that the notice of hearing was insufficient under 3 V.S.A. § 809(b)(4). We affirm in part and reverse in part.

The Department of Liquor Control (Department) began its investigation of the licensee after an accident in February, 1986 in which a patron, while operating a motor vehicle, struck and fatally injured another patron, a pedestrian, after both had just left the licensee's premises.

The Department's investigation was directed at establishing whether the driver and pedestrian were served alcoholic liquor

while under the influence of liquor at licensee's bar. Many of the licensee's employees and other patrons were interviewed about their observations of the driver and pedestrian's liquor consumption and behavior.

After the investigation was completed, the Department served a notice of hearing on licensee which quoted the language of the Board's General Regulation No. 19 and alleged that licensee had: (1) sold or furnished alcoholic liquor to a person or persons apparently under the influence of liquor; (2) allowed a person or persons apparently under the influence of liquor to consume alcoholic beverages on the licensed premises; and (3) allowed intoxicated persons to loiter on the premises. Although the notice did not specify the individual patrons at issue, the date of the alleged violation and a statement that the reports of the Department's investigator were available upon request were included in the notice to licensee.

At the Board hearing several witnesses were called to testify about the condition of the driver and pedestrian on the night in question. One of these witnesses testified that a third patron had bought the pedestrian and the witness each an alcoholic drink and that the third patron was intoxicated when he purchased the drinks at licensee's bar. While this witness had indicated in her statement to the investigator that the third patron was "very drunk," she had not mentioned, nor was it mentioned elsewhere in the investigation reports, that the third patron had been sold or furnished any drinks while under the influence of alcoholic liquor.

During closing arguments, the Department's counsel stated that there was unrefuted evidence that the third patron loitered on licensee's premises and had purchased two alcoholic drinks at the licensee's bar while he was under the influence of liquor. The licensee objected, arguing that, because this was the first indication that the Department was charging violations with respect to the third patron, counsel was not prepared to rebut the Department's evidence.

The Board subsequently issued its findings, decision and order. The Board concluded that no violation had occurred with respect to the driver and the pedestrian. However, the Board ruled, on the basis of the testimony about the third patron's intoxication, that licensee had violated General Regulation No. 19 in two respects. The Board ruled that licensee had sold alcoholic liquor to

the third patron while he was under the influence of liquor and had permitted him to loiter on the premises while under the influence of liquor. The Board, therefore, ordered licensee's first and third class licenses suspended for thirty days.

At the outset we recognize that notice in an administrative proceeding need only be reasonable, and need not meet the exacting requirements for notice in judicial proceedings. 1 K. Davis, Administrative Law Treatise § 8.04, at 523 (1958). Nevertheless, we are unwilling to uphold as "reasonable" the type of notice here furnished by the Department with respect to the charge of selling the third patron alcohol while under the influence of liquor.

The notice requirement for Vermont administrative proceedings is set forth in 3 V.S.A. § 809(b)(1)-(4), which requires that "[t]he notice shall include . . . a short and plain statement of the matters at issue." 3 V.S.A.§ 809(b)(4). The notice furnished to licensee only partially satisfied this requirement.

In construing 3 V.S.A. § 809(b)(1)-(4), we have made clear that "[n]otice of a statutory section without more is insufficient." *Vermont Real Estate Comm'n* v. *Martin*, 132 Vt. 309, 314, 318 A.2d 670, 674 (1974). Here, licensee was not furnished with notice that licensee would be charged with selling the third patron alcoholic liquor when that patron was apparently under the influence of liquor.

The notice of this charge is unlike that afforded the plaintiff in *In re Desautels Real Estate, Inc.*, 142 Vt. 326, 457 A.2d 1361 (1982). In *Desautels* we recognized the sufficiency of a notice issued by the Vermont Real Estate Commission because, in addition to quoting the statute allegedly violated, it contained "a narrative report of the alleged facts upon which the Commission was basing its complaint." *Id.* at 333, 457 A.2d at 1364. Because the notice and the reports of the Department investigator in the instant case were devoid of any facts alleging a sale to the third patron while under the influence, the notice to licensee was insufficient under 3 V.S.A. § 809(b)(4).

The notice of the charge of allowing the third patron to remain on the premises while under the influence of liquor is not similarly deficient, however. The Department furnished licensee with notice that a violation of General Regulation 19 was alleged for allowing "a person or persons under the influence of liquor to loiter on the licensed premises." Licensee subsequently obtained copies of the investigator's reports upon which these allegations

were based. All of these reports indicated that the violation was for allowing a person or persons under the influence of liquor to loiter on the premises. One of these reports contained statements that the third patron was "very drunk," "slurred his words," and "couldn't stand up." These statements were a sufficient "narrative report of the alleged facts" to apprise licensee of the charge of permitting the third patron to loiter on the premises while intoxicated. Therefore, we affirm the notice of this charge in conjunction with the investigator's reports, as satisfying the requirements of 3 V.S.A. § 809(b)(4).

Notice of all alleged violations prior to an administrative proceeding is more than technical surplusage. It is necessary to enable one charged to prepare an adequate defense to all charges. See 3 K. Davis, Administrative Law Treatise § 14:11 (2d ed. 1980). Adequate notice of one violation will not cure insufficient notice of another. See *Town of West Hartford* v. *Commission on Human Rights & Opportunities*, 176 Conn. 291, 297, 407 A.2d 964, 967 (1978); *Murphy* v. *Berlin Board of Education*, 167 Conn. 368, 375-76, 355 A.2d 265, 269 (1974). Because the notice of the charge of selling the third patron alcohol while under the influence of liquor was insufficient, we remand to the Board so it may redetermine the appropriate penalty.

*Affirmed in part, reversed in part and remanded.*