## Timothy Baxter v. Vermont Parole Board; Richard Turner, Superintendent, Chittenden Correctional Center

[497 A.2d 362]

No. 83-648

Present: Hill, Underwood, Peck and Gibson, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed May 24, 1985

*Andrew B. Crane,* Defender General, *Stephen W. Gould,* Defender, Correctional Facilities, and *Michael Robinson,* Law Clerk (On the Brief), Montpelier, for Plaintiff-Appellant.

*John J. Easton, Jr.,* Attorney General, Montpelier, and *Stephen D. Vogl,* Assistant Attorney General, and *Craig Benson,* Law Clerk (On the Brief), Waterbury, for Defendants-Appellees.

**Hill, J.** The plaintiff, Timothy Baxter, appeals a judgment of the superior court upholding a Parole Board's decision to revoke his parole. We affirm.

In October of 1979, the appellant was sentenced to a term of 1 to 6 years for his conviction of grand larceny. All but eight months of this sentence was suspended. The sentence was re-imposed in February of 1981 following the revocation of his probation. In October of 1981, the appellant was paroled. Early in 1983, he was called to appear before the Parole Board (Board) for a hearing requested by his parole officer to address allegations that he violated the following conditions of his parole agreement:

*Condition No. 1*—Shall commit no crime punishable under the law.

*Condition No. 3*—Shall not possess, use, or handle fire-arms or deadly weapons.

*Condition No. 4*—Shall lead an orderly and industrious life.

*Condition No. 5*—Shall work and reside at all times where your supervising Parole Officer directs.

*Condition No. 8*—Shall report in writing to your Parole Officer, your residence and place of employment during the first week of each month.

Evidence presented to the Board in support of these allegations included a St. Albans police department incident report which formed the basis of an assault and robbery charge brought against the appellant,* and a letter from a police officer in Virginia indicating that the appellant's step-brother loaned the appellant his .22 caliber pistol for a few weeks in 1982. Additionally, the Board heard testimony from the appellant's parole officer and the appellant's mother. The appellant denied all the allegations but did not himself testify to rebut them.

At the close of the hearing, based on the evidence presented, the Board found that the appellant violated the 5 conditions of

---

* Following a jury trial, which took place after the parole revocation hearing, the appellant was found not guilty of this offense.

parole as alleged, and based on this finding, revoked the appellant's parole and returned him to confinement.

On appeal, the appellant raises three issues for our consideration: first, that the Board should have excluded certain exhibits from its consideration; second, that there was insufficient evidence to support the Board's conclusion that defendant violated three of the conditions of his parole; and third, that the Board was not competent to determine that appellant had committed a new crime in violation of the first condition of his parole.

## I.

Appellant contends that the St. Albans police report and the letter from the police officer in Virginia should not have been considered by the Board. He claims that the use of these documents, instead of live testimony, as evidence to support the Board's finding that conditions 1, 3 and 4 were violated, constituted a violation of his due process right to confront and cross-examine adverse witnesses.

*Morrissey* v. *Brewer,* 408 U.S. 471 (1972), establishes that, at a parole revocation hearing, due process requires that a parolee be afforded the right to confront and cross-examine adverse witnesses. *Id.* at 489. This guarantees the parolee an opportunity to test the credibility and veracity of testimony used against him. This right, however, is not without exception. Because a parole revocation hearing is not the same as a criminal prosecution, the process in a parole hearing is flexible and permits consideration of evidence such as "letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Id.* Thus, under *Morrissey* v. *Brewer,* there is no denial of due process per se in admitting such evidence.

## II.

The appellant's second claim is that there was insufficient evidence presented to the Board to support its finding that conditions 1, 3 and 4 were violated. A parole violation must be established by substantial evidence. 28 V.S.A. § 552(b)(2). This requires that there be " 'such relevant evidence as a reasonable mind might accept as adequate to sup-

port a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)); see *Parker v. Harris,* 626 F.2d 225, 231–32 (2d Cir. 1980) (also quoting above definition of substantial evidence). Unlike a criminal prosecution, a parole violation does not need to be established beyond a reasonable doubt. "[A]ll that is required is that the evidence and facts reasonably demonstrate that the person's conduct has not been as good as required by the terms and conditions of the release." *Mack v. McCune,* 551 F.2d 251, 254 (10th Cir. 1977) (citations omitted).

▇▇▇▇ Furthermore, judicial review of an agency's findings is very limited. *State of Vermont Department of Taxes v. Tri-State Industrial Laundries, Inc.,* 138 Vt. 292, 294, 415 A.2d 216, 218 (1980). On appeal, "an administrative body's ruling is entitled to a strong presumption of validity." *In re Desautels Real Estate, Inc.,* 142 Vt. 326, 336, 457 A.2d 1361, 1366 (1982). If the record reveals sufficient evidence to support the Board's findings, they must be upheld on appeal. See *id.*

▇▇▇▇ The appellant asserts that the only evidence before the Board supporting its findings concerning a violation of conditions 1, 3 and 4 was the police report and the letter. He then claims that, as uncorroborated hearsay, this cannot constitute substantial evidence. See *Consolidated Edison, supra,* 305 U.S. at 230 (mere uncorroborated hearsay does not constitute substantial evidence). If this evidence were all the Board was allowed to consider in making its determination, we would have to agree with the appellant. However, this evidence was not presented to the Board in a vacuum. It was presented at a hearing in which the appellant was present, represented by counsel and afforded an opportunity to answer the charges against him. A revocation hearing is not a criminal trial. The Board is allowed to draw inferences from the parolee's failure to testify or rebut the charge that he violated the conditions of his parole agreement. See *Baxter v. Palmigiano,* 425 U.S. 308, 319 (1976) (silence, in the face of charges, at disciplinary hearing may be used as evidence against accused). A parolee's silence could not alone support a finding that he violated conditions of his parole. See *Lefkowitz v. Cunningham,* 431

U.S. 801, 804–08 (1977) (statute which imposes penalty automatically upon refusal to testify is unconstitutional); *Baxter* v. *Palmigiano, supra,* 425 U.S. at 317 (silence alone not substantial evidence to support finding violation). Silence is one factor, however, which the Board was permitted to consider, and any inference drawn from the parolee's silence could corroborate the statements in the police report and the letter from the police officer in Virginia. The two documents, together with the appellant's failure to rebut, constituted relevant evidence which a reasonable mind could accept as adequate to support the conclusion that the appellant violated the conditions of his parole. There being substantial evidence to support the Board's findings, they will not be reversed on appeal. *In re Troyse,* 142 Vt. 612, 616, 460 A.2d 469, 472 (1983); *Clark* v. *Weinberger,* 389 F. Supp. 1168, 1169 (D. Vt. 1974), *aff'd,* 511 F.2d 1390 (2d Cir. 1975).

### III.

Lastly, the appellant argues that the Board was not competent to determine that appellant had committed a new crime and therefore it could not find that appellant violated the first condition of his parole unless the appellant had previously been convicted of this new crime. A conviction, however, would be only one way in which the Board could find that appellant violated a condition of his parole by committing a new crime. A conviction is not required to show that a new crime has been committed by the parolee. The conviction of a crime is very different from a finding by a parole board that a parolee has committed a new crime. The mandates of due process and the standard of proof are substantially less rigid at a revocation hearing than at a criminal trial. *Morrissey* v. *Brewer, supra,* 408 U.S. at 489. Thus, it can arise, as it has here, that a parole board is able to find a violation of parole because the parolee has committed a new crime even though the parolee may never be convicted for that crime. See, e.g., *Mack* v. *McCune, supra,* 551 F.2d at 254 (subsequent acquittal does not affect parole revocation); *United States ex rel. Carrasquillo* v. *Thomas,* 527 F. Supp. 1105, 1108–09 (S.D.N.Y. 1981), *aff'd per curiam,* 677 F.2d 225 (2d Cir. 1982) (parolee accused of crime may have parole revoked absent conviction

or in face of acquittal); *In re Martinez,* 1 Cal. 3d 641, 651–52, 463 P.2d 734, 741, 83 Cal. Rptr. 382, 389 (1970) (dismissal of underlying charges no bar to parole revocation); see also *Morrissey* v. *Brewer, supra,* 408 U.S. at 479 (parole revocation often preferred to new prosecution because of procedural ease of recommitting individual on lesser showing by State). Provided there is substantial evidence to support the Board's finding that the parolee has committed a new crime, that finding will be upheld even though it is not based on a conviction.

Similarly, we find no error in the Board making a determination that the appellant committed a new crime. Administrative boards are frequently required to interpret statutes and decide questions of law and fact incidental to their administrative duties. See *In re Village of Hardwick Electric Department,* 143 Vt. 437, 444, 466 A.2d 1180, 1183 (1983) (agency interpretation of statute); *In re Brooks,* 135 Vt. 563, 565–66, 382 A.2d 204, 208 (1977) (Labor Relations Board is quasi-judicial body determining questions of law and fact). The fact that parole boards are comprised predominantly of lay persons does not affect their competence or capability to decide whether a parolee has committed a new crime. The United States Supreme Court has specifically stated that parole board members "need not be judicial officers or lawyers." *Morrissey* v. *Brewer, supra,* 408 U.S. at 489. We therefore find no error in the Board's determination that the appellant committed a new crime.

*Affirmed.*