## State of Vermont v. Pamela Begins

[514 A.2d 719]

No. 85-045

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed July 25, 1986

*Helen V. Torino*, Franklin County State's Attorney, St. Albans, for Plaintiff-Appellee.

*Martin and Paolini*, Barre, for Defendant-Appellant.

**Hayes, J**. Defendant appeals the district court's revocation of her probation status. We reverse and remand.

On April 30, 1984, defendant received a sentence of two to four months for a conviction of unlawful mischief, pursuant to 13 V.S.A. § 3701(c). The sentence was suspended and defendant was placed on probation. In December, 1984, two separate probation violation complaints were filed alleging that defendant had vio-

lated her conditions of probation. At the probation violation hearing held December 28, defendant moved for a continuance pending resolution of criminal charges which formed the basis of the probation violation complaints. The court denied defendant's motion, and proceeded with the hearing. Defendant did not testify in her own defense. The court found that defendant violated the conditions of probation, and ordered that the underlying sentence be served.

■■  Defendant argues on appeal that by scheduling her revocation hearing prior to the trial on her criminal charges, the State forced her to choose between basic constitutional rights. Although at a criminal trial due process requires that a defendant's guilt be established beyond a reasonable doubt, *In re Winship*, 397 U.S. 358, 364 (1970), a lesser burden of proof is required at a probation revocation hearing. This is so because, at a revocation hearing, a probationer risks not absolute liberty, but only conditional liberty dependent on following special probation restrictions. W. LaFave & J. Israel, Criminal Procedure § 25.4, at 949 (1985). In proving its case, the State may introduce evidence not otherwise admissible in a criminal trial, as well as comment upon the probationer's silence. See *Baxter* v. *Vermont Parole Board*, 145 Vt. 644, 647-49, 497 A.2d 362, 364-65 (1985). If the State presents any credible evidence indicating a violation of conditions of probation, and the probationer remains silent, the State will necessarily have met its burden of proof by a preponderance of evidence. Cf. *Neverett* v. *Towne*, 123 Vt. 45, 48, 179 A.2d 583, 585 (1962) (in a civil action, "[p]reponderance of evidence refers to a superiority in weight of the evidence.").

One can argue that, by exercising her right to remain silent at the probation hearing, defendant suffered revocation as a direct result of the lower burden of proof. If she had presented a defense at the hearing, however, she would have sacrificed her right to remain silent as to the pending criminal charge and would have provided the prosecution with her defense strategy. Defendant asserts that such a choice impermissibly infringed her right against self-incrimination.

■  A probationer's right to an opportunity to be heard at a revocation hearing is a due process right, and is based on two broad policy objectives. First, such an opportunity will enhance the prospect for "informed, intelligent and just revocation decisions." *People* v. *Coleman*, 13 Cal. 3d 867, 873, 533 P.2d 1024,

1031, 120 Cal. Rptr. 384, 391 (1975) (citing *Morrissey* v. *Brewer*, 408 U.S. 471, 484 (1972)). Second, the opportunity to testify at a revocation hearing will "enhance the chance of rehabilitating probationers or parolees by treating them with 'basic fairness.'" *Id.* at 874, 533 P.2d at 1031, 120 Cal. Rptr. at 391 (quoting *Morrissey, supra*, 408 U.S. at 484). These policies are seriously undermined when a probationer is deterred from taking advantage of the right to be heard at a probation revocation hearing by the possibility of self-incrimination. See *Coleman, supra*, 13 Cal. 3d at 874, 533 P.2d at 1031, 120 Cal. Rptr. at 391.

The conflict inherent in a pretrial revocation hearing poses a grave dilemma for a probationer. The State's ability to use at trial a probationer's prior revocation hearing testimony creates an inevitable tension between the right to due process at the revocation hearing and the right to remain silent at trial. When a revocation hearing occurs before the criminal trial, the State is able "to gain evidence for the criminal trial the easy way." *Flint* v. *Mullen*, 499 F.2d 100, 105 (1st Cir.) (Coffin, C.J., dissenting), *cert. denied*, 419 U.S 1026 (1974). An alleged probation violator who explains his actions opens himself up to self-incrimination in the subsequent criminal action. *Id.* at 105-06. Whether or not this conflict actually abridges a defendant's constitutional rights, "the choice forced upon him [is] unnecessarily inconsistent with constitutional values." *Coleman, supra*, 13 Cal. 3d at 872, 533 P.2d at 1030, 120 Cal. Rptr. at 390.

█ This Court has a duty to insure that the administration of justice in Vermont operates as fairly as possible. We believe it is necessary to "alleviate the hard testimonial choice facing probationers subject to the loss of probation for conduct for which they may also be liable to criminal prosecution." *Id.* The State's opportunity to coerce self-incriminating testimony by scheduling a probation revocation hearing prior to a criminal trial poses a danger of abuse to the judicial decision-making process. The State should not be encouraged to schedule a revocation hearing in advance of trial by being allowed to use at trial the defendant's testimony at a prior probation revocation hearing. Therefore, while the State is free to move to revoke probation before trial, the decision whether to postpone the revocation hearing until trial remains within the trial court's discretion. *People* v. *Jasper*, 33 Cal. 3d 931, 935, 663 P.2d 206, 208-09, 191 Cal. Rptr. 648, 651 (1983). The burden properly rests on the State to show why the hearing

should be held before the trial. *Id.* at 945, 663 P.2d at 215, 191 Cal. Rptr. at 657 (Broussard, J., dissenting).

■ A probationer will face the "hard testimonial choice" only when the trial court finds it necessary to hold the revocation hearing before the criminal trial. In that case, in order to relieve the dilemma, the probationer's testimony will be subject to an exclusionary rule which will enable her to testify at the revocation hearing without fear of subsequent self-incrimination at the criminal trial. This rule is patterned after the use and fruits immunity rule adopted by the United States Supreme Court in *Kastigar* v. *United States*, 406 U.S. 441, 462 (1972). See, e.g., *Coleman, supra*, 13 Cal. 3d at 889-90, 533 P.2d at 1042, 120 Cal. Rptr. at 402; *People* v. *Rocha*, 86 Mich. App. 497, 512-13, 272 N.W.2d 699, 706-07 (1978).

We adopt the following language of the California Supreme Court in *Coleman, supra*, 13 Cal. 3d at 889, 533 P.2d at 1042, 120 Cal. Rptr. at 402:

> We accordingly declare as a judicial rule of evidence that . . . the testimony of a probationer at a probation revocation hearing held prior to the disposition of criminal charges arising out of the alleged violation of the conditions of his probation, and any evidence derived from such testimony, is inadmissible against the probationer during subsequent proceedings on the related criminal charges, save for purposes of impeachment or rebuttal where the probationer's revocation hearing testimony or evidence derived therefrom and his testimony on direct examination at the criminal proceeding are so clearly inconsistent as to warrant the trial court's admission of the revocation hearing testimony or its fruits in order to reveal to the trier of fact the probability that the probationer has committed perjury at either the trial or the revocation hearing.

For a similar approach, see *McCracken* v. *Corey*, 612 P.2d 990, 998 (Alaska 1980); *Rocha, supra*, 86 Mich. App. at 512-13, 272 N.W.2d at 706; *State* v. *DeLomba*, 117 R.I. 673, 679-80, 370 A.2d 1273, 1276 (1977); *State* v. *Evans*, 77 Wis. 2d 225, 235-36, 252 N.W.2d 664, 668-69 (1977).

We further hold that a probationer must be advised that, if he wishes to take the stand at a probation revocation hearing, his testimony and its fruits will not be admissible against him at a

subsequent criminal trial on the underlying offense. Such a practice will be more fair than our present procedure.

The rules we have fashioned today will permit an accused violator to speak in his own defense at a violation hearing. It will also remove any incentive for the State to use the scheduling of a violation hearing as a way to gain an unfair advantage at a subsequent criminal trial.

Prior violation hearing testimony and its fruits will remain available to impeach or rebut inconsistent testimony offered by a defendant at a later criminal trial. Furthermore, the alleged violator may, notwithstanding a grant of use immunity, be prosecuted for any perjury committed at either the violation hearing or at the subsequent criminal trial. *Coleman, supra,* 13 Cal. 3d at 892-94, 533 P.2d at 1044-45, 120 Cal. Rptr. at 404-05. If the State wishes to introduce evidence which the probationer objects to as being the fruits of his revocation hearing testimony to prove its case, the State must affirmatively show that the evidence was derived from a source independent of the probationer's testimony at the revocation hearing. *McCracken, supra,* 612 P.2d at 998 n.23. The prosecution should anticipate defense objections, and address them in pretrial proceedings in order to avoid prejudicial exposure of the testimony at trial. *Coleman, supra,* 13 Cal. 3d at 889, 533 P.2d at 1042, 120 Cal. Rptr. at 402.

We caution against a policy of scheduling probation revocation hearings prior to trial, without exercising discretion in each case. When it is not detrimental to the probationer or to the public's safety, the better method of dealing with problems of concurrent criminal and probation revocation jurisdiction is to postpone the probation proceedings until after disposition of related criminal proceedings, at least where this is feasible and does not result in undue delay.

In the instant case, defendant did not testify at her violation hearing. She may have been deterred from doing so by the desire to preserve her privilege against self-incrimination. Defendant should have been permitted to testify at her violation hearing under a grant of immunity. Furthermore, defendant was not told at the revocation hearing that, if she wished to speak in her defense, her testimony and its fruits would not be admissible against her at a subsequent criminal trial on the underlying offense. We therefore reverse the decision of the trial court and remand for a new hearing.

*Reversed and remanded for further proceedings consistent with the views expressed in the opinion.*