# State of Vermont v. Leigh P. Schroeder

[540 A.2d 647]

No. 86-249

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.),**
Specially Assigned

Opinion Filed July 10, 1987

Motion for Reargument Denied December 29, 1987

*William T. Keefe,* Addison County Deputy State's Attorney, Middlebury, for Plaintiff-Appellee.

*Bonnie Barnes of Sessions, Keiner & Dumont,* Middlebury, for Defendant-Appellant.

**Per Curiam.** Defendant appeals a judgment of the Addison District Court revoking his probation, claiming that the testimony of his probation officer, which related conversations and correspondence with a mental health counselor recounting defendant's nonparticipation in required therapy, was inadmissible hearsay. Defendant maintains that the admission of this testimony constituted reversible error. We disagree and affirm the district court's decision.

In *Baxter* v. *Vermont Parole Board,* 145 Vt. 644, 497 A.2d 362 (1985), we recognized that a parole revocation hearing is not the same as a criminal prosecution and that such a hearing is flexible enough to allow in evidence that would not be admissible in an adversary criminal proceeding. *Id.* at 647, 497 A.2d at 364 (citing *Morrissey* v. *Brewer,* 408 U.S. 471, 489 (1972)). While uncorroborated hearsay evidence alone will not support a revocation of probation, hearsay accompanied by defendant's silence and his failure to rebut the evidence is sufficient to support a conclusion of violation of probation. *Id.* at 648-49, 497 A.2d at 365. Here, the

testimony of the probation officer, in combination with defendant's silence and failure to rebut the hearsay, constituted "relevant evidence which a reasonable mind could accept as adequate to support the conclusion that the appellant violated the conditions" of his probation. *Id.* at 649, 497 A.2d at 365.

A probationer risks not absolute liberty but rather conditional liberty at a probation revocation hearing and, thus, at this proceeding, the State must merely prove violations by a preponderance of the evidence, rather than by proof beyond a reasonable doubt. *State* v. *Begins*, 147 Vt. 295, 297, 514 A.2d 719, 721 (1986). "If the State presents any credible evidence indicating a violation of conditions of probation, and the probationer remains silent, the State will necessarily have met its burden of proof by a preponderance of evidence." *Id.*

The burden of coming forward with evidence to refute the testimony of the probation officer shifted to the probationer at the conclusion of the State's case. See *Kruse* v. *Town of Westford*, 145 Vt. 368, 372 & n.*, 488 A.2d 770, 772-73 & 773 n.* (1985); *Larmay* v. *VanEtten*, 129 Vt. 368, 371, 278 A.2d 736, 739 (1971). The probationer need only have advanced evidence "fairly and reasonably tending to show that the [State's case] was not as presumed." *Larmay*, 129 Vt. at 373, 278 A.2d at 739. In light of his failure to come forward with any refuting evidence to relieve the burden placed on him by the State's prima facie case, sufficient evidence existed for the trial court to determine that a violation of probation had occurred. See *Kruse*, 145 Vt. at 372 & n.*, 488 A:2d at 773 n.*; *Larmay*, 129 Vt. at 371, 278 A.2d at 739.

*Affirmed.*