## State of Vermont v. John E. Kasper

[566 A.2d 982]

No. 88-037

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed September 1, 1989

436

William Sorrell, Chittenden County State's Attorney, Burlington, and Jo-Ann Gross, Law Clerk, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

Charles S. Martin and Robert Pell-Dechame, Law Clerk, of Martin & Paolini, Barre, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from the revocation of his probation for possessing a firearm in violation of one of the terms of probation. We affirm.

Defendant was convicted of the 1975 robbery of a Winooski store and was convicted of assault and robbery with a dangerous weapon (13 V.S.A. § 608(b)), assault and robbery, with injury resulting (13 V.S.A. § 608(c)), and for being an habitual criminal in violation of 13 V.S.A. § 11. The trial court, relying on the habitual criminal statute, sentenced defendant to three life terms. We affirmed the convictions in *State v. Kasper*, 137 Vt. 184, 404 A.2d 85 (1979).

Defendant thereafter initiated proceedings for post-conviction relief and successfully challenged the life sentences imposed on him. On December 27, 1984 he was given

suspended sentences for the convictions[1] and placed on probation, with one of the conditions providing that "[d]efendant shall not use, purchase or possess any firearms or deadly weapons."

On September 25, 1987, the Swanton police chief apprehended defendant with a stolen pistol and several rounds of ammunition, a short time after defendant had threatened to obtain a gun and to seek revenge for a beating he had received the previous night. Defendant was charged with violation of probation, possession of a stolen pistol, and felony unlawful trespass. He pled not guilty to the probation violation and thereafter moved for a continuance of the probation violation hearing until after the criminal charges were resolved, relying on *State v. Begins*, 147 Vt. 295, 514 A.2d 719 (1986). That motion was denied. He moved again for a continuance of the probation violation hearing in order to depose witnesses and to file post-deposition motions. That motion was also denied.

The probation violation hearing proceeded without the presence of defendant, who declined to appear personally, according to his trial attorney and the sheriff, who had been sent to bring him. The court and defendant's attorney engaged in the following colloquy on the subject of defendant's presence at the start of the probation hearing:

> THE COURT: As far as Mr. Kasper's presence—we know you have indicated he wasn't coming but we thought we would give him another chance. We sent the sheriffs to bring him down and got a call from Sheriff Greg Ramsdale who informed us Mr. Kasper didn't want to come to the violation of probation hearing and the Deputy Clerk spoke to Jim Howrigan, Department of Corrections, who said the same thing—he didn't want to come.

> [DEFENDANT'S ATTORNEY]: I have spoken with Mr. Kasper on several occasions, most recently this morning. He chooses not to attend. Mainly, he feels the court is violating his Fifth and Sixth Amendment rights by scheduling a hearing on violation of probation before his

---

[1] The suspended sentences included seven to fifteen years on Count I, assault and robbery; seven to fifteen years on Count II, assault and robbery, consecutive to Count I; and one to twenty years, concurrent with Counts I and II, on Count III, assault and robbery.

underlying offenses are resolved. I have told him as his attorney I felt I did not have sufficient time to prepare. His reason for not appearing is he felt his Fifth Amendment right on self-incrimination was violated and his Sixth Amendment right to effective assistance of counsel was being violated. That's the reason he has chosen not to appear today.

The court proceeded to take evidence and to find defendant in violation of probation. The matter was continued to a later date for sentencing, at which time the sentences suspended on December 27, 1984 were reimposed. The present appeal followed.

## I.

Defendant argues first that he was denied his constitutional right to be present at all stages of the criminal proceedings against him, as codified by V.R.Cr.P. 43(a), which states:

The defendant shall be present at the arraignment, at any subsequent time at which a plea is offered, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule.

Defendant contends that while he appears to have declined to be present at the revocation hearing, the court never received an effective, explicit waiver. In order for that waiver to be effective as to a person in custody, defendant argues that he must at least be present at the commencement of trial, relying on V.R.Cr.P. 43(b)(1), which states:

The further progress of the trial to and including the return of the verdict shall not be prevented whenever a defendant, *initially present*,

(1) in noncapital cases, voluntarily absents himself after the trial has commenced, whether or not he has been informed by the court of his obligation to remain during the trial ....

(Emphasis added.) Since he was not present at the start of the probation revocation proceedings, defendant contends that his apparent waiver was not valid. As to the dilemma resulting from a defendant's reluctance to make an initial voluntary

appearance, defendant argues that the trial court should have adopted the solution suggested in *Wilson v. Harris*, 595 F.2d 101, 104 (2d Cir. 1979), that the trial judge "order correction officers to present [defendant] in court, presumably by force if necessary, so that his waiver of his rights, made in open court, might become a part of the record of the case, or use some other means to obtain an express personal waiver."

██ ██ Defendant's reliance on V.R.Cr.P. 43 is misplaced. A probation revocation hearing is not "a trial in any strict or formal sense," *Escoe v. Zerbst*, 295 U.S. 490, 493 (1935), and therefore, with regard to the present issue, is governed by V.R.Cr.P. 32.1 rather than V.R.Cr.P. 43. Among the due process rights afforded probationers during probation revocation hearings and codified in V.R.Cr.P. 32.1 is the "*opportunity* to appear and to present evidence." V.R.Cr.P. 32.1(a)(2)(C) (emphasis added). Defendant was repeatedly given an opportunity to appear, but declined to take advantage of those opportunities and cannot now claim that he was denied due process.

██ A probationer cannot be denied due process during a probation revocation hearing.[2] *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 487–90 (1972). However, the scope of a probationer's due process rights at such a hearing does not parallel the constitutional rights afforded a defendant during a criminal trial. See *Gagnon v. Scarpelli*, 411 U.S. at 789 (formal procedures and rules of evidence not employed); *Morrissey v. Brewer*, 408 U.S. at 480 ("revocation of parole is not part of a criminal prosecution and thus the full panoply of rights ... does not apply"); *United States v. Francischine*, 512 F.2d 827, 829 (5th Cir. 1975) (evidence establishing guilt beyond a reasonable

---

[2] V.R.Cr.P. 32.1(a)(2) codifies the rights recognized in *Gagnon* and *Morrissey*:
  The revocation hearing, unless waived by the probationer, shall be held within a reasonable time in the court in which probation is imposed. The probationer shall be given:
  (A) written notice of his alleged violation of probation;
  (B) disclosure of the evidence against him;
  (C) an opportunity to appear and to present evidence in his own behalf;
  (D) the opportunity to question witnesses against him; and
  (E) written notice of his right to be represented by counsel and his right to assigned counsel if he is unable to obtain counsel.

doubt not required); *United States v. Nagelberg*, 413 F.2d 708, 710 (2d Cir. 1969), *cert. denied*, 396 U.S. 1010 (1970) (probationer not entitled to jury trial). Because a probation revocation proceeding is "informal [and] 'unhampered by the procedure incident to a common law trial,'" Rule 32.1(a)(2), not Rule 43, "sets forth the procedure for the revocation hearing." Reporter's Notes, V.R.Cr.P. 32.1 (in part, quoting *In re McAllister*, 97 Vt. 359, 361, 123 A. 207, 207 (1924)).

■ Even if Rule 43 applied in the given circumstances, it would not protect defendant. While V.R.Cr.P. 43 explicitly conditions a valid waiver on defendant's initial presence in court, it provides no easy solution to the dilemma posed by a defendant's unwillingness to appear initially. Defendant's brief accurately states the reason for this Rule as to an incarcerated party, namely, the difficulty in determining whether an apparently voluntary waiver is actually a byproduct of incarceration, and hence not truly voluntary. See, e.g., *People v. Epps*, 37 N.Y.2d 343, 350, 334 N.E.2d 566, 571, 372 N.Y.S.2d 606, 612 (1975) (defendant who is in custody may waive right to be present at trial, but waiver will not be operative if there is "slightest hint of official connivance or obstruction with respect to the defendant's right to be present"). While we do not preclude the path suggested in *Wilson v. Harris*, within the sound discretion of the trial judge, particularly where circumstances indicate doubt or ambiguity about the voluntariness of the waiver, we decline to require that a defendant be forced to appear in every case. Further, we note that the *Wilson* court did not mandate the personal presence of the defendant in that case in making its determination that the defendant had intentionally waived his constitutional right to be present at trial. 595 F.2d at 104.

## II.

■ Defendant next argues that the trial court abused its discretion in failing to grant defense counsel a continuance to adequately prepare a defense to the probation violation complaint, thus effectively denying his right to counsel. "This Court will not overturn a discretionary ruling unless it clearly and affirmatively appears that such discretion has been abused or withheld." *State v. Blaine*, 148 Vt. 272, 275, 531 A.2d

933, 934 (1987); *State v. Picknell*, 142 Vt. 215, 230, 454 A.2d 711, 718 (1982). There was one central issue in this matter, the violation of a single condition of parole, with relatively uncomplicated facts. Defendant was arraigned on the probation violation complaint on November 12, 1987, entered a plea of not guilty, and was given appointed counsel the next day. Counsel moved for a continuance on November 23, 1987, and the motion was denied on December 2, 1987. A second motion was filed on December 4, 1987 and denied on December 7, 1987. Meanwhile, two key witnesses were deposed on December 4, 1987, one week before the trial date of December 11, 1987.

■ Defendant had nearly one month after appointment of counsel to prepare a defense. While defendant sets forth correct guiding standards under which the value of trial expedition is not to be exalted over a paramount interest in the sound preparation of a defense,[3] he has not suggested why, on the present record, there was not adequate time to prepare a defense. Cf. *Commonwealth v. Faraci*, 319 Pa. Super. 416, 421, 466 A.2d 228, 231 (1983) (one month adequate to prepare for trial involving second-degree murder, burglary, and robbery charges). The probation violation charge was straightforward, and the evidence to be presented was disclosed through depositions. Moreover, defendant cannot state concretely on appeal how his defense was hurt by the court's denial. His argument that he needed a continuance to prepare a suppression motion is not convincing, since the court made clear that he could file the motion at the hearing. Given one month's preparation time, we may not presume prejudice to defendant in the preparation of his defense

### III.

■ Finally, defendant contends that our decision in *State v. Begins*, 147 Vt. 295, 514 A.2d 719, unequivocally established defendant's right to have his probation violation hearing continued until after the disposal of criminal charges forming the basis of the violation complaint. In the alternative,

---

[3] *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964); *United States v. Burton*, 584 F.2d 485, 489–90 (D.C. Cir. 1978).

defendant argues that the court holding the probation violation hearing must grant immunity as to testimony offered there. *Begins* compels neither result. We made clear in that case that "the decision whether to postpone the revocation hearing until trial remains within the trial court's discretion." *Id.* at 298, 514 A.2d at 722. If the hearing is held before the trial, "the probationer's testimony will be subject to an exclusionary rule which will enable [him] to testify at the revocation hearing without fear of subsequent self-incrimination at the criminal trial." *Id.* at 299, 514 A.2d at 722. The court only had to advise probationer that "his testimony and its fruits will not be admissible against him at a subsequent criminal trial on the underlying offense." *Id.* at 299–300, 514 A.2d at 723. In the present case, the court never had the opportunity to advise probationer of this because he chose not to appear personally before the court at any time.

*Affirmed. Defendant's motion for release on conditions pending appeal is denied as moot.*