## State of Vermont v. Ronald Finch

[569 A.2d 494]

No. 88-561

Present: **Allen, C.J., Peck, Dooley and Morse, JJ.**

Opinion Filed December 1, 1989

*Jeffrey L. Amestoy*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.*, Defender General, and *Henry Hinton*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Dooley, J.** Defendant was convicted of assault and robbery and sentenced to six months to three years, all suspended except for three months, with probation for the balance of the sentence. Defendant appeals a trial court decision revoking probation and amending the sentence. We affirm.

The sole issue on appeal is whether the court improperly relied on hearsay evidence in concluding that defendant had violated the probation condition that he not purchase or drink alcoholic beverages or have them in his possession. The State's evidence at the revocation hearing consisted of the testimony of defendant's probation officer, who testified that he had received a telephone call from defendant's mother in which she said that defendant had appeared at her workplace intoxicated. She told the probation officer that police officers had to remove him from the premises. The probation officer also testified that a member of the Essex Police Department told him that defendant was verbally and physically assaultive during this incident and required restraining. The State also relied on documents from a detoxification center that defendant was taken there and given treatment after the incident. Defendant, who was represented by counsel, presented no evidence and did not cross-examine the probation officer.

The court noted that the officer's testimony relied on hearsay evidence, but specifically found that it was credible. After concluding that probation should be revoked, the court amended the sentence to six to thirty-six months to serve, with four months credit. The present appeal followed.

On appeal defendant relies on *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973), which holds that probationers facing revocation are entitled to " 'the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).' " Id. at 786 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). *Gagnon* has not

been construed to bar all hearsay evidence on confrontation clause grounds; it bars only unreliable hearsay evidence. *United States v. McCallum*, 677 F.2d 1024, 1026 (4th Cir.), *cert. denied*, 459 U.S. 1010 (1982). Where the hearsay is shown to be reliable, the sole testimony of the probation officer, even though it contains hearsay evidence, is sufficient to satisfy the requirements of *Gagnon*. See *United States v. Penn*, 721 F.2d 762, 765–66 (11th Cir. 1983); *State v. Belcher*, 111 Ariz. 580, 581–82, 535 P.2d 1297, 1298–99 (1975).

We have recently noted that the scope of a probationer's due process rights at a probation revocation hearing do "not parallel the constitutional rights afforded a defendant during a criminal trial." *State v. Kasper*, 152 Vt. 435, 439, 566 A.2d 982, 985 (1989). Consistent with that view, we have followed the Federal Rules of Criminal Procedure in adopting rules governing probation revocation proceedings that do not preclude the use of hearsay evidence. See Reporter's Notes to V.R.Cr.P. 32.1 ("right to confront adverse witnesses does not require the exclusion of all hearsay evidence"); *State v. Schroeder*, 149 Vt. 163, 164, 540 A.2d 647, 647 (1987). We have provided that the Vermont Rules of Evidence, except for the rules with respect to privileges, do not apply to probation revocation proceedings. V.R.E. 1101(b)(3).

While the rule provisions do not determine the constitutional question, they have all been built on the foundation of less formal revocation proceedings as set forth in *Kasper*. Thus, we adopt the interpretation of *Gagnon* that reliable hearsay can be admitted in a probation revocation proceeding and serve as the basis for revocation. The evidence in this case had sufficient indicia of reliability. The evidence from two of the hearsay sources—defendant's mother and the Essex police officer—was mutually supportive, since it concerned the same event. The police evidence was reduced to a report. The detoxification center report appears to be the kind of medical report where, as we have noted in another context, the "'specter of questionable credibility and veracity is not present.'" *Langlois v. Department of Employment & Training*, 149 Vt. 498, 502, 546 A.2d

1365, 1368 (1988) (quoting *Richardson v. Perales*, 402 U.S. 389, 407 (1971)).

*Affirmed.*