## STATE of Vermont v. Alexander GEDUTIS

[653 A.2d 761]

No. 93-216

October 12, 1994. Defendant Alexander Gedutis was placed on probation for the misdemeanor conviction of unlawful mischief after damaging his wife's vehicle. Six months later, complainant reported to police that defendant had left messages on her telephone answering machine, one threatening harm to her. As a result, a probation violation complaint was made alleging that defendant had violated conditions of his probation.

Complainant testified at the probation

hearing that the last message defendant put on the answering machine was a threat to shoot her in the head. The State did not produce the inculpatory tape, explaining in response to defendant's request that efforts to obtain it had been "futile." The State also did not produce a statement about the incident made by complainant. The court revoked defendant's probation because he engaged in threatening and harassing behavior.

The defendant appeals revocation on two grounds. First, he argues that it was error to permit the complainant to testify about the alleged incident because the State failed to provide the tape and complainant's statement to defendant on request, as required by V.R.Cr.P. 16. In the alternative, he asserts that complainant's testimony about the tape violates V.R.Cr.P. 32.1 because the State never disclosed the tape to defendant so that he could protect himself from a faulty characterization of the evidence. We affirm.

Defendant's reliance on V.R.Cr.P. 16 is misplaced. In *State v. Kasper*, 152 Vt. 435, 440, 566 A.2d 982, 985 (1989), we held that "[b]ecause a probation revocation proceeding is 'informal [and] "unhampered by the procedure incident to a common law trial,"' Rule 32.1(a)(2), not Rule 43, 'sets forth the procedure for the revocation hearing.'" *Id.* at 440, 566 A.2d at 985 (alteration in original) (quoting Reporter's Notes, V.R.Cr.P. 32.1). We likewise hold that Rule 16 does not apply to probation revocation proceedings, and any discovery there is governed by Rule 32.1.

We decline, however, to address defendant's argument on appeal that V.R.Cr.P. 32.1 required disclosure of the statement and the tape, because this argument was never presented to the trial court, and therefore, was not properly preserved. See *State v. Lettieri*, 149 Vt. 340, 344, 543 A.2d 683, 685 (1988) (party is precluded from raising an objection on appeal on different grounds than were raised below).

The dissent maintains that complainant's hearsay testimony should not have been admitted because it was not reliable. Without addressing whether complainant's testimony constituted hearsay or implicated the best evidence rule, we note that defendant did not adequately raise the issue on appeal. See *State v. Taylor*, 145 Vt. 437, 439, 491 A.2d 1034, 1035 (1985) (Court will consider, sua sponte, issues not properly raised on appeal only in rare and extraordinary cases); *State v. Martin*, 145 Vt. 562, 566 n.3, 496 A.2d 442, 445 n.3 (1985) (Court will not decide inadequately briefed and argued issues); *State v. Settle*, 141 Vt. 58, 61, 442 A.2d 1314, 1315 (1982) (absent exceptional circumstances, issues not briefed are not to be considered on appeal). Moreover, with respect to the indicia of reliability, if defendant had actually spoken with complainant on the telephone and threatened her directly—no tape ever being made—then the indicia of reliability would be no greater or less than it is now. Defendant had ample opportunity to impeach complainant's testimony, and the court was able to assess her credibility and consider possible motives for fabrication.

*Affirmed.*

**Dooley, J.,** concurring and dissenting. I concur with the majority's holding that V.R.Cr.P. 16 is inapplicable to this case, and that V.R.Cr.P. 32.1 is the relevant provision. However, because I believe complainant's hearsay testimony was improperly admitted in violation of defendant's due process rights,[1] I dissent.

We have recognized that "the scope of a

---

[1] Contrary to the majority's assertion, this point was argued here. In summarizing his argument, defendant stated in his brief: "The introduction of the summary of the audio tape by a biased witness, in the absence of a satisfactory explanation for the nondisclosure of the tape, offends due process . . . ." This

probationer's due process rights at a probation revocation hearing do 'not parallel the constitutional rights afforded a defendant during a criminal trial.'" *State v. Finch*, 153 Vt. 216, 218, 569 A.2d 494, 495 (1989) (quoting *State v. Kasper*, 152 Vt. 435, 439, 566 A.2d 982, 985 (1989)). For example, we will allow revocation of probation to stand upon hearsay testimony alone. *Watker v. Vermont Parole Bd.*, 157 Vt. 72, 74, 596 A.2d 1277, 1279 (1991), *overruling Baxter v. Vermont Parole Bd.*, 145 Vt. 644, 497 A.2d 362 (1985).[2] Nonetheless, there must always be respect for a fundamental level of due process protection to be afforded every probationer. See, e.g., Reporter's Notes, V.R.Cr.P. 32.1 (Rule 32.1 sets forth constitutionally based requirements for preliminary and revocation of probation hearings, including notice of violation, disclosure of evidence, and right to confront witnesses against probationer). Thus, while we allow revocation based on hearsay alone, the hearsay must be both probative and reliable. *Watker*, 157 Vt. at 76–77, 596 A.2d at 1280;[3] accord *Finch*, 153 Vt. at 218, 569 A.2d at 495. In this matter, complainant's testimony was probative; her testimony went directly to the issue of

---

summary exactly states the position maintained in this dissent.

[2] Although not stated explicitly in *Watker*, I consider *State v. Schroeder*, 149 Vt. 163, 163, 540 A.2d 647, 647 (1987), in which we adopted the *Baxter* rule for probation hearings, as also overruled.

[3] Although *Watker* was a parole revocation case, and this is a probation revocation case, there is no "difference relevant to the guarantee of due process between the revocation of parole and the revocation of probation." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). Therefore, we should apply the *Watker* standard to determine the admissibility and weight owed to hearsay testimony in this probation revocation matter.

whether defendant violated the terms of his probation. However, viewed objectively, complainant's testimony was not reliable.

Complainant's testimony lacks the indicia of reliability present in *Watker* and *Finch*. Unlike those cases, there is no corroboration for the testimony of the complainant, even as to surrounding details. Nor is the evidence of the type that is the subject of hearsay exceptions because of intrinsic reliability. See *Finch*, 153 Vt. at 218, 596 A.2d at 495 (upholding admission of detoxification center report showing defendant's admission and treatment on ground that report was analogous to customarily reliable medical report). Moreover, the possibility of bias or motive to fabricate is a central concern in evaluating the reliability of hearsay evidence. See *Bailey v. State*, 612 A.2d 288, 293 (Md. 1992). Here, there was a probability of bias and great motive to fabricate. Complainant testified on cross-examination that she and defendant had decided to reconcile only a few weeks before he supposedly left the messages. After agreeing to reconcile, complainant discovered that defendant was seeing another woman. On the very night of defendant's alleged threatening call, complainant ran into the other woman at a Winooski bar, and testified that she told the woman to "stay away from my husband." She then called defendant to inform him that the woman "wasn't of the highest character." At the time of the revocation hearing, the parties were separated, and complainant had filed for a divorce from defendant.

There are other indications of lack of reliability. Complainant had original possession of the answering machine tape, but it was not produced at the hearing because the State's efforts to obtain it were "futile." Whatever the circumstances, lack of production of the tape prevented verification of complainant's hearsay statement. The lack of the tape is

even more troubling given that complainant's recollection of the taped messages was imperfect; complainant testified at the revocation hearing, held just over one month after defendant supposedly left the messages, that her recollection of one of the four messages was unclear.[4]

It is no answer to the deficiency in the evidence that the court found it sufficiently reliable to base its findings upon it. The findings are sparse[5] and give no indication that the court even considered the reliability threshold as required by *Watker* and *Finch.* The evidence is constitutionally inadequate to support revocation despite the court's findings.

There is one other concern that requires airing in this case. After our holding, the defendant in *Finch* took his case to the United States District Court, which granted habeas corpus, concluding that the evidence was constitutionally inadequate to support probation revocation. *Finch v. Vermont Dist. Ct.*, Civ. Action No. 90-9 (D. Vt. Sept. 24, 1990), adopting

---

[4] Complainant testified that defendant left the following messages: (1) "I'm sorry you had a bad night, you know, are you there, pick up the phone." (2) "I really don't want to get into Boris, but if you want to be my ex-wife, then that's the way it will be." (3) "What are you guys doing? Which room are you in? The bedroom, the bathroom?" (4) "I'm on my way over to shoot you both in the head. I promise it will be quick."
She testified that her recollection of the third message was unclear.

[5] In all, the court only made four oral findings of fact: (1) that complainant Gedutis received a message on her answering machine, (2) that it was defendant calling, (3) that there were several messages on the machine, and (4) that the fourth message contained the threat that defendant was on his way over to shoot complainant.

Magistrate's Report and Recommendation (Aug. 23, 1990) (Niedermeier, Mag.) (unpub.). After analyzing relevant federal precedents, it concluded that "indicia of reliability may [not] alone justify denial of confrontation." Magistrate's Report at 8. Instead, it held that some showing of good cause was necessary to support use of hearsay without producing the live witnesses who could testify directly. *Id.* at 9.

We need not resolve whether we will follow the federal approach fully to hold here that there was such a lack of good cause that it undercuts any finding of reliability for complainant's evidence. The State gave no explanation why the tape was unavailable except that its attempt to obtain it had been "futile." Apparently, a police officer also heard the tape, but no attempt was made to obtain his testimony. It also appears from the transcript that the State was intending to offer the testimony of defendant's probation officer concerning a conversation with defendant about the answering machine message. The State discontinued this attempt when it became clear that the State had failed to comply with a discovery order to disclose the content of the conversation prior to the hearing. Not only is "good cause" for use of the hearsay absent, the presentation of the State's case is so inadequate that the fairness of the result is suspect.

Before this defendant rushes to federal court for habeas corpus relief, we must seriously evaluate whether the evidence presented against him is sufficient to deprive him of his liberty and whether alternative presentations were available to the State. Unless we are prepared to say that any hearsay is admissible, and any hearsay evidence can support probation revocation, we must reverse this probation revocation decision.

I dissent. I am authorized to state that Justice Johnson joins in this dissent.

Motion for Reargument Denied
November 10, 1994