**STATE of Vermont v. Arthur E. PASSINO**

[725 A.2d 300]

No. 97-428

December 14, 1998. Defendant Arthur E. Passino appeals from the district

court's revocation of his probation in connection with his conviction for involuntary manslaughter. Defendant and his counsel were present at the revocation hearing, when the trial court determined that defendant had violated his conditions of probation. The court did not announce its decision at the hearing as to sanctions, however, instead issuing a written order four days later that imposed the full underlying sentence and recommended that defendant be considered for alcohol, sex offender and violent offender programs in prison. Defendant contends that revoking his probation in this manner violated his constitutional right to due process of law. We affirm.

As we stated in *State v. Kasper*, 152 Vt. 435, 439, 566 A.2d 982, 985 (1989) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 487-90 (1972)) (other citations omitted): "A probationer cannot be denied due process during a probation revocation hearing. However, the scope of a probationer's due process rights at such a hearing does not parallel the constitutional rights afforded a defendant during a criminal trial."

A probation revocation proceeding is both "informal" and "unhampered by the procedure incident to a common law trial." *Id.* at 440, 566 A.2d at 985 (citations omitted). For these reasons, the probationer's due process rights are codified by V.R.Cr.P. 32.1 rather than the more stringent requirements of V.R.Cr.P. 43. See *id.* at 439, 566 A.2d at 985. Contrary to defendant's claim, we have specifically held that V.R.Cr.P. 32.1 does not preclude the trial court from making its decision via a written order issued after a hearing at which the probationer was present. See *State v. Germaine*, 152 Vt. 106, 108, 564 A.2d 604, 605 (1989). Defendant's emphatic reliance on *United States v. Canady*, 126 F.3d 352 (2d Cir. 1997), is misplaced because *Canady* discusses the impropriety of a post-trial written decision in the context of the federal analog to V.R.Cr.P. 43, which is not the rule applicable in this case.

Second, defendant objects to the trial court's recommendation that he "be considered for alcohol, sex offender and violent offender programs in light of his involvement in the untimely death of [the victim in the underlying proceeding] and in recognition of the contents of the Presentence Investigation Reports previously filed." According to defendant, the trial court gave no indication at the hearing that it was considering such a recommendation. Therefore, defendant reasons, he was unconstitutionally deprived of his right to be heard on the issue.*

Even if we could conclude that defendant had some right to be informed of what the judge might include in the probation revocation sentence, we would not find a violation of that right here. The trial judge's recommendation to the Commissioner of Corrections concerning the conditions of defendant's confinement is not, strictly speaking, part of defendant's sentence. See 13 V.S.A. § 7031 (requiring sentencing court to establish maximum period of incarceration and authorizing it to fix minimum term). Defendant's due process rights are not implicated when the issue is the conditions, as opposed to the duration, of his confinement because an inmate's "particular right or status within an institution" is a matter within the broad discretion of prison authorities. *Conway v. Cumming*, 161 Vt. 113, 115-16, 636 A.2d 735, 736-37 (1993). Thus, what-

---

*Defendant characterizes the issue as one implicating his right to effective assistance of counsel, relying on a reference to that effect in *Gardner v. Florida*, 430 U.S. 349, 358 (1977). Although the phrase "effective assistance of counsel" typically refers to the rights secured by the Sixth Amendment to the U.S. Constitution, *Gardner* is a procedural due process case, and it is clear that this is the constitutional right defendant is invoking.

ever we or defendant may think of the fairness or reasonableness of the recommendation the trial court shared with the correctional authorities, defendant's right to due process of law was not compromised by his professed inability to contest the recommendation in court.

*Affirmed.*